# CIRCUIT COURT OF THE CITY OF NEWPORT NEWS

William A. Dale

v.

Brian E. Clark

August 24, 1989

Case No. (Law) 13421-S

By JUDGE DOUGLAS M. SMITH

On May 23, 1989, the City brought on for a hearing a motion for summary judgment in connection with the above-captioned matter. The Court requested the City to file a brief by June 9; Mr. Smith to file a brief on behalf of the plaintiff by June 23; and the City to file a reply brief, if it desired, by June 30. These requests have been complied with, but the Court went on vacation for the month of July. However, I have now reviewed [the] briefs, statutes, and cases, and by this letter, I am rendering my decision.

In paragraph five of the plaintiff's motion for judgment, he states that the plaintiff has a personal policy of automobile liability insurance with an uninsured motorist clause with limits of $50,000. The allegation then states that said policy of insurance would be underinsurance to the certificate of self-insurance issued to the City of Newport News. Therefore, claim is made against the City of Newport News pursuant to Section 46.1-395 and Section 38.2-2206 of the Code of Virginia.

The plaintiff indicates in paragraph 5 that he is making claim against the City of Newport News for any recovery he receives and has therefore served the City of Newport News with a copy of a motion for judgment. The City therefore has a right to file responsive pleadings

and is setting forth two motions for summary judgment and has filed two motions for summary judgment.

Under the statutes of Virginia and the undisputed facts presented in this matter, the Court feels that there is no way that the plaintiff can recover anything from the City of Newport News as a result of the action brought by the plaintiff, William A. Dale.

The Court feels that under Rule 3:18, there is no material facts that are in dispute, that the question is one of interpretation of the statutes and law, and consequently, the Court is sustaining the motions for summary judgment.

However, I do not feel that I am called upon to rule in regard to the workmen's compensation aspect as set forth by the City. By way of dicta, I agree with the City's position.